HINMAN (BRISCOE v.). See Case No. 1,887.

## Case No. 6,524.
### HINMAN v. CUTLER et al.
[2 Lowell, 364.] [1]

District Court, D. Massachusetts. Dec., 1874.

PRACTICE—JOINT DEFENDANTS—STAY OF PROCEEDINGS.

1. In this district, if there is a stay of proceedings against one of several joint defendants, pending action upon his discharge in bankruptcy, the case cannot proceed against his co-defendants, unless the plaintiff chooses to enter a nolle prosequi as to him.

2. A qualified judgment cannot be entered against one of several joint defendants, which leaves the liability of his co-defendants undetermined.

The plaintiff, as assignee of a bankrupt, brought an action in the district court of the United States, against Cutler and others, composing the firm of Cutler, McLean & Co., to recover certain sums of money alleged to have been paid to that firm by the bankrupt as a preference. A verdict was rendered for the plaintiff at a former term of this court, and the defendants filed exceptions to the rulings of the judge who had presided at the trial, which were allowed; but, before judgment had been entered on the verdict, the defendants became insolvent, and all but one of them took proceedings in bankruptcy, and were adjudged bankrupt, about six months since. The plaintiff now moved for judgment against the defendant not in bankruptcy, but did not ask to discontinue against the others.

C. Allen and W. A. Field, for plaintiff, cited Hoyt v. Freel, 8 Abb. Pr. (N. S.) 220.

T. P. Proctor, for defendants, cited Tinkum v. O'Neale, 5 Nev. 93.

LOWELL, District Judge. Section 21 of the statute [of 1867 (14 Stat. 526)] which provides for a stay of proceedings in suits against a bankrupt, until he shall have an opportunity to obtain and plead his discharge, is silent concerning actions in which the bankrupt is only one of the defendants; and it may be that, in different districts, the rule may vary in such cases, because the practice of the state courts now governs our practice, and that may not be uniform. But, in Massachusetts, I apprehend there is no authority for holding that, if one joint defendant is entitled to a continuance, the case may proceed against the others. At common law, such action is inadmissible; and no statute has been cited to support it. The same rule which requires partners to be joined, authorizes any one of them to object to a judgment being obtained while the liability of his co-defendants remains undetermined. One of the questions in this case will be, whether the defendants are jointly liable; and that question cannot yet be answered, because a defence is law-

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

fully interposed, the validity of which will depend on facts yet to be ascertained.

No question is raised concerning any right of the plaintiff to discontinue against part of the defendants, and take judgment against the others. He is not willing to do this; and my judgment is asked upon the right to proceed against one of the defendants; reserving further action hereafter in the same suit against such of the others, if any, as shall fail to obtain a discharge in bankruptcy. It is insisted that some sort of qualified judgment may be rendered, which will do no injury to the bankrupts, and yet enable the plaintiff to pursue his remedy against the remaining defendant. For this position, Hoyt v. Freel, 8 Abb. Pr. (N. S.) 220, is cited. The learned judge in that case, reasoning from sound premises, has reached a conclusion that seems to me unsound. It is true that, by the very terms of the statute, no partner or joint contractor is be discharged by the discharge in bankruptcy of the person or persons liable with him; and this is one of the leading rules of all bankrupt laws. But it does not follow that no action shall be delayed until it can be determined whether the bankrupt defendant is to remain one of the joint debtors or not. If a necessary party to a suit has not been fully served with process, or is entitled to delay for any other reason, the whole suit must await the completion of the service or other proper action. Apart from technical considerations, it is a matter of substantial interest to a defendant to have his right of contribution from his co-defendants ascertained by the same judgment that establishes his own liability. It seems to me, therefore, that the case cited by the defendants—Tinkum v. O'Neale, 5 Nev. 93—is well decided.

A qualified judgment may be rendered against a bankrupt where it is necessary, in order to enable the plaintiff to realize an attachment which is not dissolved by the bankruptcy, or to ascertain the amount of a debt that is in dispute; but, as I have had occasion to say before, the judgment in such cases ought to show on its face the purpose for which it is rendered. There is no hint in the statute that a judgment may be entered for the purpose of giving, against co-defendants with the bankrupt, some remedy which the usual course of justice would not give.

I ought to say that, upon the face of the record when the motion was made, there would appear to be an amount in dispute, namely, the whole amount of the verdict; for the defendants contended that the rulings were contrary to law. But as they have undertaken to stipulate that the verdict shall be accepted as conclusive evidence of the amount, and that proof may be made against the assets for that sum, the judgment cannot be entered in order to settle that question.

The motion was not pressed on the ground that the debt was one contracted by fraud, and so not dischargeable in bankruptcy. The learned counsel for the plaintiff very frankly said that this question would arise more properly after the discharge was granted, if it should be granted.

Motion for judgment denied.